IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, #197053, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 1:25-CV-684-MHT-CSC ) |
| KIRKE ADAMS and STATE OF ALABAMA, | ) ) ) ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Dedric Jamar Dean, an inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an application to proceed *in forma pauperis* (Doc. 2). On September 4, 2025, the Court issued an Order directing Petitioner to file a prison account statement by September 18, 2025. Doc. 3. The Court cautioned Petitioner that his failure to comply with any provision of that Order would result in dismissal of this case for failure to prosecute and comply with an Order of the Court. *Id*. at 2. However, more than a month has passed since the imposed deadline, and Petitioner has not filed his prison account statement as directed.

Because Petitioner has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts

to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Petitioner has not complied with the September 4 Order despite its express directives. Consequently, this action is due to be dismissed without prejudice. Although not required for such a dismissal, the undersigned finds a clear record of delay, given the period of noncompliance and the notice provided. The undersigned further concludes that no lesser sanction than dismissal would be effective. *See id*.

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this action be DISMISSED without prejudice.

It is further ordered that, on or before **November 3, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc),[1] *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 20th day of October, 2025.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Bonner v. City of Prichard, Ala.*, the Court adopted as binding precedent in the Eleventh Circuit all Fifth Circuit decisions issued before September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) ("We reserve for future consideration the effect on Eleventh Circuit Law of other categories of decisions by the old Fifth Circuit-for example, decisions handed down by the old Fifth after September 30, 1981 in cases submitted to the court for decision before October 1 . . . ." *Id.* at 1209 n.5); *see also Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (regarding Fifth Circuit decisions issued after October 1, 1981 as binding precedent if they are "made by a non-unit panel of the Former Fifth, the full en banc court of the Former Fifth, or Unit B panel of the Former Fifth Circuit").